BARNETTE, Judge.
Defendant appeals from a deficiency judgment rendered against him on a promissory note which he had given as part of the purchase price of an automobile he bought in Shreveport in 1964. The car was judicially seized and sold in Arkansas pursuant to a chattel mortgage identified with the note.
Attached to plaintiff’s petition in this suit for a deficiency were a photostatic copy of the document containing the act of sale, promissory note, and chattel mortgage and copies of various documents from the Arkansas foreclosure proceedings. More particularly the Arkansas papers include a report of an attorney ad litem, a foreclosure decree, a report of appraisement, a notice of sale, and an order approving and confirming the sale. The foreclosure decree and the order approving and confirming the sale are properly certified in accordance with the requirements of the federal full faith and credit statute, 28 U.S.C. §§ 1738, 1739 (1948).
Defendant’s answer was a general denial “for lack of sufficient information to justify a belief” as to the truth of the allegations of plaintiff’s petition. Thereafter, plaintiff moved for summary judgment based on the documents and pleadings already on file and further supported by an affidavit by an officer of the plaintiff corporation to the effect that no payment had been made on defendant’s account since it had been credited with the proceeds of the judicial sale in Arkansas. The summary judgment was granted, and defendant has appealed.
Defendant’s primary contention on appeal is that the granting of the summary judgment was improper because there still existed several genuine issues of material fact.
The summary judgment was signed on March 11, 1966. During the regular session of the Legislature of 1966, Act No. 36, § 1, was adopted amending LSA-C.C.P. art. 967 by adding the following provision:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
If this rule applied to this case, defendant’s claim that summary judgment was improper would be of no avail, since he is resting “on the mere * * * denials of his pleading jjc i{i # ft
Although the amendment to Article 967 is purely remedial legislation and ordinarily would apply retrospectively to this case, our consideration of Act No. 15 of 1960, which adopted the Code of Civil Procedure, convinces us that it cannot be applied here. Clearly, since the provision quoted above is in the form of an amendment to an existing code as distinguished from new legislation, it must have been the intent of the Legislature that this provision be applied in accordance with the rules of application set down in the act by which the code was adopted.
Section 4 of Act No. 15 of 1960 provides :
******
“(B) The provisions of the Louisiana Code of Civil Procedure enacted by Section 1 hereof, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings:
*469 ******
“(2) Pending on the effective date of this act, except that none of the provisions thereof shall:
******
(b) Affect the validity or change the legal effect of any judicial, official, or procedural act done or attempted, or of any failure to act, prior to the effective date of this act in any civil action or proceeding, including but not limited to any * * * pleading filed * *
Since the Legislature which adopted the amendment in question adjourned July 7, 1966, the effective date of the amendment was July 27, 1966. LSA-Const. Art. Ill, § 27. It is our opinion that application of the amendment here would change the effect of defendant’s answer which was filed on December 3, 1965, before the effective date of the amendment. Therefore we cannot apply the amendment and must pass on the merits of defendant’s contentions as to the existence of a genuine issue of material fact
Counsel for defendant alleges the following irregularities in the proceedings below and claims that they constitute issues of fact:
1. The promissory note does not contain a provision on its face which imports a confession of judgment;
2. No proof was offered that the defendant was the maker of the note;
3. The note was not offered in evidence ;
4. The copy of the chattel mortgage offered in evidence was not certified and was not admissible; and
5. A statement of account was not filed.
We will consider the allegations in the order listed.
The confession of judgment which authorizes the foreclosure of the chattel mortgage is printed on the reverse of the document which contains the act of sale, note, and mortgage. On the face of the instrument this language appears:
“ * * * pauj Danton, purchaser and mortgagor, * * * here present, purchasing, accepting, and acknowledging due delivery thereof, the following described movable property * * * subject to the terms and conditions set forth below and upon the reverse side hereof * * *_» (Emphasis added.)
There is no merit in this contention.
There is likewise no merit in defendant’s contention that no proof was offered to establish that defendant was the maker of the note. The note bears the signature “Paul D. Danton.” Plaintiff’s petition alleges:
“That petitioner is the holder of a certain promissory note drawn by Paul D. Danton, of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, to the order of himself and by him endorsed, dated December 1, 1964, for the sum of $3,229.56, payable in thirty-six (36) equal consecutive monthly installments of $89.71, commencing on January 14, 1965, and to be paid on the same day of each month thereafter until paid in full; said note provides for 25% attorneys’ fees, if said note should be placed in the hands of an attorney for collection, all as will more fully appear by reference to photocopy of the said note attached hereto and filed herewith.”
There is no indication in the record that defendant raised any issue at the hearing on the motion for summary judgment as to mistaken identity or any fact which might bring the authenticity of his signature into question. Indeed, he does not suggest even now on appeal that some fact exists which would show that he did not sign the note. The only thing on which he relies is an answer which says in effect, “I *470 don’t know if I signed it or not, so I shall deny that I did.” LSA-C.C.P. art. 1004 which authorizes a denial based on a lack of knowledge sufficient to justify a belief in the truth of an allegation also provides in the next sentence: “Denials shall fairly meet the substance of the allegations denied.” We do not believe that there is any genuine issue as to whether or not defendant signed the note.
Counsel for defendant alleges in his brief that the note was not offered in evidence. Counsel for plaintiff strongly denies this allegation and points to his motion for summary judgment to which he attached a copy of the note and expressly reserved his right to offer the original note at the hearing. He states flatly that the note was offered and permission was granted by the court to substitute a copy. Counsel for defendant was present at the hearing and could have objected at that time to any failure to introduce the original note. There is no record of any objection by him, and he does not now claim that such an objection was made. He merely stated in oral argument in this court that he did not remember the note being offered. We conclude that the original note was properly offered.
Defendant’s fourth contention must also be dismissed for reasons corollary to the presentation of the original of the note. He claims that the copy of the chattel mortgage submitted by plaintiff was not certified and hence was not admissible. The act of mortgage and the promissory note were part of the same document, along with the act of sale. Since we have concluded that the original of this document was in evidence, then it follows that the original act of mortgage was before the court. There was no need for a copy of the mortgage, certified or otherwise.
Defendant’s allegation that no statement of account was filed is false. The affidavit of D. O. Caldwell, an assistant secretary of plaintiff corporation, which was attached to the motion for summary-judgment and is filed in the record, clearly states that no payment had been received since the proceeds of the judicial sale were credited and that a specified sum remained due and owing on the account.
Finally, defendant contends since he-was not personally served in the foreclosure-proceedings in Arkansas that this negates, an action for a deficiency judgment. We-need only point out that the judgment in Arkansas merely determined the rights of' the parties in the property before it in an-action in rem and did not grant an in per-sonam judgment for the deficiency. The-suit for deficiency, the one now before us,, has for its jurisdictional basis service on the defendant in person. There was no error on this point.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.